1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ANTHONY DAWAYNE LEE TURNER,

11                    Plaintiff,                   No. CIV S-11-0622 EFB P

12          vs.

13    KENNETH LLOYD ROSENFELD,
      et al.,

14

15                    Defendants.                  ORDER
      _____/

16          Anthony Dawayne Lee Turner, who filed this pro se civil rights action under 42 U.S.C.

17    § 1983 as a civil detainee, is currently confined at Napa State Hospital.  This proceeding was

18    referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the

19    undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

20    After a dismissal pursuant to 28 U.S.C. § 1915A(a), plaintiff filed an amended complaint.

21          Federal courts must engage in a preliminary screening of cases in which prisoners seek

22    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

24    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

25    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

26    relief." *Id.* § 1915A(b).

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than

2    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

3    of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words,

4    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

5    statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

6    Furthermore, a claim upon which the court can grant relief has facial plausibility.

7    *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

8    content that allows the court to draw the reasonable inference that the defendant is liable for the

9    misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

10   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

11   *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

12   the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

13   A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal

14   Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain

15   statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

16   fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

17   550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

18   In the amended complaint, plaintiff alleges that he was dissatisfied with the performance

19   of his court appointed lawyer for commitment proceedings as a sexually violent predator in the

20   Sacramento County Superior Court.  Plaintiff alleges that his attorney's negligence and

21   ineffective assistance of counsel resulted in a miscarriage of justice and a loss of plaintiff's

22   freedom.

23   In dismissing the original complaint with leave to amend pursuant to § 1915A, the court

24   informed plaintiff of the following:  Plaintiff's court-appointed attorney cannot be sued under

25   § 1983.  *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (public defenders do not act under

26   color of state law for purposes of § 1983 when performing a lawyer's traditional functions).  And

1    any potential claims for legal malpractice do not come within the jurisdiction of the federal

2    courts.  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

3         Plaintiff fails to cure these deficiencies through his amended complaint.  Plaintiff fails to

4    state a claim because a public defender is not a state actor within the meaning of § 1983 in

5    representing a client in the traditional adversarial role of a lawyer.  *Miranda v. Clark County,*

6    *Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (citing *Polk*, 454 U.S. 325).  Additionally, plaintiff's

7    claim goes to the validity of his current confinement.  The Supreme Court has held that "a state

8    prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought

9    (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to

10   conviction or internal prison proceedings)—if success in that action would necessarily

11   demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74,

12   81-82 (2005); *see also Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S.

13   477 (1994). Were plaintiff to succeed on his claim that his attorney provided ineffective

14   assistance and he was prejudiced as a result, those findings would necessarily implicate the

15   constitutionality of plaintiff's current imprisonment.  *See Heck*, 512 U.S. at 487; *Huftile v.*

16   *Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (*Heck's* favorable termination rule

17   applies to individuals in state custody pursuant to the judgment of a state court under the state's

18   involuntary civil commitment scheme).  Plaintiff has not demonstrated that the order civilly

19   committing him has previously been invalidated.

20         Despite an opportunity to amend, plaintiff appears to be unable to state a cognizable

21   claim for relief.   Accordingly, the court will dismiss the amended complaint without leave to

22   amend.  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law,

23   district courts are only required to grant leave to amend if a complaint can possibly be saved.

24   Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also*

25   *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to

26   amend even if no request to amend the pleading was made, unless it determines that the pleading

1  could not be cured by the allegation of other facts.").  If plaintiff is seeking to challenge the

2  constitutionality of his current commitment and wishes to raise a claim for ineffective assistance

3  of counsel, he must proceed by commencing a new action through filing a petition for writ of

4  habeas corpus under 28 U.S.C. § 2254.

5       Accordingly, the court hereby orders that plaintiff's amended complaint is dismissed for

6  failure to state a claim and the Clerk is directed to close this case.

7  Dated:   April 6, 2012.

8

9                                       EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4